985 F.2d 562
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Ray WEBB, Petitioner-Appellant,
v.
Donald STEWART, Director, Lee Adjustment Center, Respondent-Appellee.
 No. 92-5977.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1993.
 
 Before BOYCE F. MARTIN, JR., MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 William Ray Webb, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The appellee has informed the court that he will not be filing a brief.
 
 
 2
 In December 1989, a jury convicted Webb of second degree manslaughter and for being a persistent felony offender in the second degree. Webb received a sentence of fifteen years imprisonment. In his direct appeal to the Kentucky Court of Appeals, Webb argued that: 1) the trial court erroneously admitted prejudicial hearsay statements made by the decedent to his wife after the decedent's first altercation with Webb; 2) the prosecution erroneously questioned Webb as to his previous felony conviction; and 3) the trial court erroneously admitted character evidence as to the decedent's reputation for violence. The Kentucky Court of Appeals affirmed the conviction and the Kentucky Supreme Court denied discretionary review.
 
 
 3
 Webb then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 raising the same issues that he presented to Kentucky's appellate courts. The district court dismissed the petition as without merit. Webb filed this timely appeal raising the same issues that he presented to the district court.
 
 
 4
 Upon de novo review, we conclude that the district court properly dismissed the petition because Webb received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). The alleged errors were not so fundamentally unfair as to violate Webb's due process rights. See Waters v. Kassulke, 916 F.2d 329, 335 (6th Cir.1990); Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988).
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.